| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| CHRIS AND SUSAN SAVITTIERI | DAVID THOROUGHMAN |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) GERALD SHELLEY |
|---|---|
| RONAN & FIRESTONE 649 NORTH SECOND AVE PHOENIX, AZ 85003 602-307-9100 | QUARLES & BRADY 2 NORTH CENTRAL, #2200, PHOENIX, AZ 85004 |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

FRAUD
BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
PUNITIVE DAMAGES
BREACH OF CONTRACT
NEGLIGENT MISREPRESENTATION

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | |
| | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | | |

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** $350,456 | **OTHER RELIEF SOUGHT** ATTORNEYS FEES, COSTS, PRE- AND POST- INTEREST | ☒ JURY DEMAND Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR DAVID E. THOROUGHMAN | BANKRUPTCY CASE NO. 2-03-bk-21900-RTB |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING ARIZONA | DIVISIONAL OFFICE PHOENIX | NAME OF JUDGE REDFIELD T. BAUM |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |

1

LAW OFFICES
**RONAN & FIRESTONE, PLC**
649 NORTH SECOND AVENUE
PHOENIX, ARIZONA 85003
(602) 307-9100
Merrick B. Firestone, Bar # 012138
m.firestone@ronan-firestone.com
Stephen L. Tunney, Bar # 020712
stunney@ronan-firestone.com
*Attorneys for Judgment Creditors Savittieri*

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re DAVID THOROUGHMAN, | (Chapter 7 Case) |
| Debtor. | No. 2-03-bk-21900-RTB |
| | Adv. Proc. No. _____ |
| CHRIS and SUSAN SAVITTIERI, husband and wife, | |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| DAVID THOROUGHMAN, a single man; | |
| Defendant. | |

Plaintiffs Chris and Susan Savittieri ("Plaintiffs" or "Savittieri") bring this Adversary Action pursuant to 11 USC §523(a)(6) and Rule 4004(d), *Fed.R.B.P.* Plaintiffs hereby allege as follows:

## GENERAL ALLEGATIONS

1.    Plaintiffs, Chris and Susan Savittieri (hereinafter "the Savittieris") are husband and wife and are residents of Maricopa County, State of Arizona.

2.    Defendant, David Thoroughman, is a single man, and is a resident in Maricopa County, State of Arizona.

3.    At all times relevant to this complaint, David Thoroughman was the President of Daytrade Technologies and, upon information and belief, President and/or Chief

1    Operating Officer or Chief Executive Officer for the wholly owned subsidiary of

2    Daytrade Technologies, Inc., Trading Capital, Inc.

3    4.    Defendant caused the events to occur in Maricopa County, Arizona, out of which this

4    lawsuit arises.

5    5.    On or about July 12, 2002, Defendant David Thoroughman and Plaintiff Chris

6    Savittieri, acting on behalf of his marital community, entered into a certain

7    Promissory Note which provides in pertinent part:

For value received, the undersigned (David Thoroughman) promise(s) to pay to Chris Savittieri, and or his assignee's . . . THREE HUNDRED THOUSAND + 00/XX DOLLARS, ($300,000.00 + 00/100), payable as follows:

**Interest only at 10% per annum paid on the 5th day of each month and all due and payable upon completion and sale of residence located at 11545 East Paradise Lane, Scottsdale, AZ 85259**

Principal and interest payable in lawful money of the United States of America.

This Note is secured by a Deed of Trust or Realty Mortgage on real property at:

**11545 East Paradise Lane, Scottsdale, AZ 85259**

Should default be made in the payment of principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust or Mortgage, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of principal and interest immediately due and payable.

* * *

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

A Copy of said Note is attached hereto as **Exhibit 1** and incorporated herein by this

reference.

6. To date, the Defendant has breached said Promissory Note by *inter alia* failing to make the timely payments and failing to record a deed of trust on said property thereby causing the entire note to be accelerated and due and payable now.

7. On several occasions, Plaintiffs have made demand upon Defendants for payment of said note, but Defendants have refused and continue to refuse to pay Plaintiffs the amount due and owing.

8. As a result of this breach of contract, Plaintiffs hereby declare the full amount of the note due and owing plus interest accrued thereon. After all just and lawful offsets, payments and credits, there is now due and owing to the Plaintiffs the principal sum of $300,000.00, plus interest of approximately $45,000.00.

9. In accordance with the Note, interest will continue to accrue at 10% per annum from the first date of the breach until paid in full.

10. On or about June, 1998, Defendant, David Thoroughman, made various fraudulent and/or negligent misrepresentations to Plaintiffs in order to induce them to loan him $300,000.00. These misrepresentations included but are not limited to:

- That the money being loaned was fully secured by a Deed of Trust;
- That the monies were being solely deposited in an account as reserves to certain regulating authorities;
- That companies controlled by Defendant had sufficient assets to conduct business in the day trading business;
- That if at any point in time the Plaintiffs wished to have their money returned with interest, Defendant would immediately comply;

1        •     That the money lent would always be maintained and "is liquid, pays a

2               monthly fixed payment and is available for withdrawal within 72-hour

3               notice;" and

4        •     That there would no risk whatsoever on the money being lent as it would be

5               fully secured and kept liquid.

6   11.   These statements were made by Defendant in order to induce the Savittieris to lend

7       Defendant money.

8   12.   These statements were, in fact, relied upon and induced the Savittieris to lend

9       approximately $300,000.00 to the Defendant.

10   13.   Despite both written and oral representations regarding the money being lent and the

11       money be collateralized and secured, said money has now been misappropriated and

12       the monies have not been returned to the Savittieris.

13   14.   As a result of the non-payment, Defendants have breached the loan agreement and

14       damage the Plaintiff in the amount of $300,000.00, plus interest at 10% per annum

15       starting from the day of the first breach until paid in full.

16   15.   As a result of having to bring this suit to recover for the breach of contract and

17       misrepresentations and fraudulent inducement into the contract, Plaintiffs are entitled

18       to recover all of their reasonable attorneys' fees and costs pursuant to A.R.S. §12-341

19       *et seq*.

20   16.   On or about December 6, 2002, Plaintiffs filed an action in Arizona Superior Court,

21       in and for the County of Maricopa (CV2002-023596), against *inter alia* Defendant,

22       alleging *inter alia* fraud, breach of the covenant of good faith and fair dealing, and

23       punitive damages. A copy of the Complaint is attached hereto as **Exhibit 2**.

24   17.   On or about March 14, 2003, the Honorable Anna M. Baca entered a Default

25       Judgment against Defendant and for Plaintiffs, attached hereto as **Exhibit 3**, for:

26

| | |
|---|---|
| 1 | • $345,000.00 plus $2,875.00 in prejudgment interest, plus post judgment |
| 2 | interest to accrue at 10%; and |
| 3 | • $2,300.00 in attorney's fees and $281.00 in costs, plus post judgment interest |
| 4 | to accrue at 10%. |

18. On or about December 16, 2003, Defendant filed this Chapter 7 Bankruptcy petition.

**COUNT ONE**
**(Breach of Contract and Forfeiture of Security)**

19. The Plaintiffs incorporate each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this Count.

20. On or about June, 1998 and thereafter, the Plaintiffs lent a total of $300,000.00 to Defendants.

21. On or about July 12, 2002, Plaintiffs memorialized their agreement in a Promissory Note. *See*, **Exhibit 1.**

22. Defendants have breached said agreement and breached the Promissory Note. According to the parties' agreements, the total principal amount of $300,000.00 is due and owing, plus any interest that has accrued thereon.

23. In addition, Defendant has failed to secure the loan with a deed of trust on certain real property more fully described in **Exhibit 1.**

24. The above-described conduct constitutes breach of the parties' agreement as a result of said breach and Plaintiffs have been damaged in the approximate amount of $345,000.00, plus interest at 10% per annum starting from the date of the breach until paid in full.

25. As this action arises from a contract, Plaintiffs are entitled to their reasonable attorneys' fees and costs for having to bring this suit, pursuant to A.R.S. §12-341 *et seq.*, the case law interpreting the same, and the parties' Promissory Note.

## COUNT TWO
### (Breach of Covenant of Good Faith and Fair Dealing)

26. Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

27. The law of Arizona implies in each and every contract the covenant of good faith and fair dealing. Defendants have breached the covenant of good faith and fair dealing owed to Plaintiffs by misrepresenting the security for the loans at issue and failure to protect Plaintiffs' monies.

28. Defendants' conduct directly contradicted the terms of the spirit and intent of the parties' contract, above and beyond the express terms of the agreement.

29. Defendants wrongfully exercised their contractual power beyond the risks to which the Savittieris agreed when entering the Note, and Defendants could not have justifiably expected that their actions were within the parties' contractual agreement.

30. As a result of the conduct of the Defendant, Plaintiffs have been damaged in amounts not presently known, but which amounts are no less than $300,000.00, plus interest at the highest statutory rate prescribed by law from the date of the first breach until paid in full.

31. Plaintiffs are entitled to their attorneys' fees and costs for having to bring this suit, pursuant to A.R.S. §12-341 *et seq.*

## COUNT THREE
### (Negligent Misrepresentation)

32. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

33. At all times material to this complaint, Defendant was the President of Daytrade Technologies, Inc. and was an authorized agent and/or in charge of operations for Trading Capital, Inc., Gold Country Securities, Penson Financial Services, Inc., Terra Nova Trading, LC, Southwest Securities, Inc., and OPM Holdings.

-6-

| | |
|---|---|
| 1 | 34. On or about June, 1998; March 22, 1999; and other times, Defendants made the |
| 2 | above-misrepresentations regarding the lent money at issue, the security for said loan, |
| 3 | and the purpose of said loan. |
| 4 | 35. At the time the Defendants made the representations described herein, Defendants |
| 5 | knew or should have known that they were false or made with a reckless disregard |
| 6 | for truth or falsity. |
| 7 | 36. Defendant made the representations described above with the intent and for the |
| 8 | purpose of inducing the Savittieris into loaning him money. |
| 9 | 37. The Savittieris, in reliance on the representations described herein and believing them |
| 10 | to be true, lent the Defendant $300,000.00. The Savittieris subsequently learned that |
| 11 | their money was not in a secured account, nor was the appropriate Deed of Trust ever |
| 12 | filed to secure their loan. |
| 13 | 38. As a direct and proximate result of the conduct of the Defendants as described above, |
| 14 | Plaintiffs have been damaged in the sum of at least $350,000.00, plus interest at 10% |
| 15 | per annum, starting from the first day of the loan until paid in full. |

**COUNT FOUR**
**(Common Law Fraud)**

| | |
|---|---|
| 39. | The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count. |
| 40. | Defendant Thoroughman conspired with others to develop and implement a common plan, scheme and course of conduct to fraudulently induce Plaintiffs to lend him money by means of misrepresentation of certain facts and concealing and omitting facts necessary to the loans at issue. |
| 41. | As more fully described above, the Defendant has made affirmative misrepresentations of facts, both orally and in writing, omitted certain material facts, and stated half-truths in connection with Plaintiffs' decision to loan the $300,000.00 at issue. |

| | |
|---|---|
| 1 | 42. Defendants knew that the Plaintiffs did not know the representations made about the |
| 2 | loan and the risks of same were false. The Defendant had a fiduciary responsibility |
| 3 | to Plaintiffs, and Plaintiffs had the right to rely and did rely on the misrepresentations |
| 4 | described herein. |
| 5 | 43. As a result of the Defendant's fraudulent conduct, Plaintiffs have been damaged in |
| 6 | an amount presently unknown, but in no event less than approximately $350,000.00, |
| 7 | plus interest at the highest statutory prescribed rate starting from the date of the first |
| 8 | act of fraud until paid in full. |

**COUNT FIVE**
**(Punitive Damage: Allegations related to damages for all
counts except Breach of Contract)**

44. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

45. As a result of the conduct described in all counts (except for the Breach of Contract count), Defendants' actions were aggravated and outrageous, and Defendants performed this conduct with such an evil mind that Plaintiffs are entitled to recover punitive damages.

**COUNT SIX**
**(Accounting)**

46. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

47. Due to the fraudulent conduct described herein, the actual amounts due and owing to the Plaintiffs (and what has happened to the security for said loan) cannot be ascertained without an accounting.

48. Consequently, Plaintiffs pray for an accounting of:

(1) the affairs of Daytrade Technologies, Inc. and Trading Capital, Inc. as it relates to the money lent by Plaintiffs to the Defendant;

| | |
|---|---|
| 1 | (2) the financial affairs of David Thoroughman and the monies utilized to purchase |
| 2 | certain real property more fully described in **Exhibit 1** hereto. |
| 3 | **Jury Demand** |
| 4 | 49. Plaintiffs request that this matter be tried to a jury, pursuant to Rule 9015(a)-(e), |
| 5 | *Fed.R.B.P.* |
| 6 | WHEREFORE, Plaintiffs pray for the Court to enter judgment against the Defendant as |
| 7 | follows: |
| 8 | A. For a determination that the Defendant caused wilful and malicious injury to the |
| 9 | Plaintiffs and to Plaintiffs' property related to the matters set forth herein; |
| 10 | B. Declaring the Default Judgment in Arizona Superior Court in and for Maricopa |
| 11 | County in action number CV2002-023596, entered in favor of Plaintiffs and against |
| 12 | Defendant, to be nondischargeable in this bankruptcy action; |
| 13 | C. Permitting Plaintiffs to pursue all remedies against Defendant related to the Default |
| 14 | Judgment entered in CV2002-023596 available under nonbankruptcy law; |
| 15 | D. For an award of costs and reasonable attorneys' fees pursuant to A.R.S. §12-341, |
| 16 | A.R.S. §12-341.01, and the parties' Promissory Note together with interest at the |
| 17 | highest rate allowed by law; and |
| 18 | E. For such other and further relief as the Court deems just and proper. |
| 19 | |
| 20 | DATED this 3 day of May, 2004. |
| 21 | |
| 22 | **RONAN & FIRESTONE, PLC** |
| 23 | |
| 24 | Merrick B. Firestone |
| 25 | Stephen L. Tunney |
| | 649 North Second Avenue |
| 26 | Phoenix, AZ 85003 |
| | *Attorneys for Judgment Creditors Savittieri* |

1   **COPY** mailed/delivered via
    electronic notification to:

2
    Gerald L. Shelley
3   QUARLES & BRADY
    2 North Central Avenue, Suite 200
4   Phoenix, AZ 85004
    *Attorney for Debtor*
5
    Michael P. Lane
6   LANE & NACH
    301 East Virginia, Suite 3500
7   Phoenix, AZ 85004-1218
    *Attorney for Trustee*
8

9   By: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT 1

# PROMISSORY NOTE

DATE: July 12, 2002

_____Maricopa_____, Arizona

FOR VALUE RECEIVED, the undersigned promise(s) to pay to _____Chris Savittieri,

___And or his assignee's_____ at

12954 East Gold Dust Avenue, Scottsdale, AZ 85259, Arizona, the principal sum of ___THREE

HUNDRED THOUSAND + 00/XX_____ DOLLARS, ( $300,000.00 +

00/100_____ ), payable as follows:

**Interest only at 10% per annum paid on the 5th day of each month and all due and**

**payable upon completion and sale of residence located at 11545 East Paradise Lane,**

**Scottsdale, AZ 85259**

Principal and interest payable in lawful money of the United States of America.

This Note is secured by a Deed of Trust or Realty Mortgage on real property at:

### 11545 East Paradise Lane, Scottsdale AZ 85259

Should default be made in the payment of principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust or Mortgage, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of principal and interest immediately due and payable.

Should this Note be signed by more than one person, all of the obligations herein contained shall be the joint and several obligations of each signer hereof.

This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought to recover on this Note, I, we, or either of us, promise to pay a reasonable attorney's fee in addition to the amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

TRUSTOR:

_____

David Thoroughman

EXHIBIT 2





COPY

DEC - 6 2002

MICHAEL K. JEANES, CLERK
L. MALSON
DEPUTY CLERK

1 | LAW OFFICES
**RONAN & FIRESTONE, PLC**
2 | 649 NORTH SECOND AVENUE
PHOENIX, ARIZONA 85003
3 | (602) 307-9100
mbf.asst@ronan-firestone.com
4 | Merrick B. Firestone, SBN 012138
Veronica L. Manolio, SBN 020230
5 | *Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

CV 2002-023596

| | |
|---|---|
| CHRIS and SUSAN SAVITTIERI, husband and wife, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | **(Breach of Contract)** |
| DAVID THOROUGHMAN, a single man; JOHN DOES 1-10 and JANE DOES 1-10; ABC CORPORATIONS, PARTNERSHIPS, and LIMITED LIABILITY COMPANIES 1-10, | |
| Defendants. | |

Plaintiffs, Chris and Susan Savittieri, hereby allege as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiffs, Chris and Susan Savittieri (hereinafter "the Savittieris") are husband and wife and are residents of Maricopa County, State of Arizona.

2.      Defendant, David Thoroughman, is a single man, and is a resident in Maricopa County, State of Arizona.

3.      At all times relevant to this complaint, David Thoroughman was the President of Daytrade Technologies and, upon information and belief, President and/or Chief Operating Officer or Chief Executive Officer for the wholly owned subsidiary of Daytrade Technologies, Inc., Trading Capital, Inc.

4.    Defendants John Does 1-10 and Jane Does 1-10 are individuals, some of which are married, who reside, or at times relevant hereto, did reside in the State of Arizona.

5.    Defendants ABC corporations, partnerships, limited partnerships, or limited liability companies organized and existing under the laws of the State of Arizona or states other than the State of Arizona at all times relevant hereto, did business in Arizona.

6.    The true identities of persons and entities named herein as John Does 1-10, Jane Does 1-10 and ABC corporations 1-10 are unknown to Plaintiffs at this time. At such time as the true names and identities of such Defendants are known to Plaintiffs, Plaintiffs will substitute such true names and identities as appropriate.

7.    As to each of the marital communities alleged herein, and as the complaint may hereinafter be amended, Plaintiffs are informed and believe and upon such information and belief, that all actions taken by such married individuals were taken for and on behalf of their respective marital communities.

8.    Each of the Defendants acted in concert and in conspiracy of the other to effectuate the illegal acts described below. Each wrongful act of anyone of the Defendants is legally attributable to the other, whether undertaken by the Defendants or their authorized agent.

9.    Defendants, and each of them, caused the events to occur in Maricopa County, Arizona, out of which this lawsuit arises.

10.   On or about July 12, 2002, Defendant David Thoroughman and Plaintiff Chris Savittieri, acting on behalf of his marital community, entered into a certain Promissory Note which provides in pertinent part:

> For value received, the undersigned (David Thoroughman) promise(s) to pay to Chris Savittieri, and or his assignee's . . . THREE HUNDRED THOUSAND + 00/XX DOLLARS, ($300,000.00 + 00/100), payable as follows:
>
> **Interest only at 10% per annum paid on the 5th day of each month and all due and payable upon completion and sale of residence located at 11545 East Paradise Lane, Scottsdale, AZ 85259**

-2-

Principal and interest payable in lawful money of the United States of America.

This Note is secured by a Deed of Trust or Realty Mortgage on real property at:

**11545 East Paradise Lane, Scottsdale, AZ 85259**

Should default be made in the payment of principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust or Mortgage, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of principal and interest immediately due and payable.

* * *

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

A Copy of said Note is attached hereto as **Exhibit 1** and incorporated herein by this reference.

11. To date, the Defendant has breached said Promissory Note by *inter alia* failing to make the timely payments and failing to record a deed of trust on said property thereby causing the entire note to be accelerated and due and payable now.

12. On several occasions, Plaintiffs have made demand upon Defendants for payment of said note, but Defendants have refused and continue to refuse to pay Plaintiffs the amount due and owing.

13. As a result of this breach of contract, Plaintiffs hereby declare the full amount of the note due and owing plus interest accrued thereon. After all just and lawful offsets, payments and credits, there is now due and owing to the Plaintiffs the principal sum of $300,000.00, plus interest of approximately $45,000.00.

14. In accordance with the Note, interest will continue to accrue at 10% per annum from the first date of the breach until paid in full.

15. On or about June, 1998, Defendant, David Thoroughman, made various fraudulent and/or negligent misrepresentations to Plaintiffs in order to induce them to loan him $300,000.00.

These misrepresentations included but are not limited to:

- That the money being loaned was fully secured by a Deed of Trust;
- That the monies were being solely deposited in an account as reserves to certain regulating authorities;
- That companies controlled by Defendant had sufficient assets to conduct business in the at daytrading business;
- That, if at any point in time, the Plaintiffs wished to have their money returned with interest, that would be immediately accomplished;
- That the money lent would always be maintained and "is liquid, pays a monthly fixed payment and is available for withdrawal within 72-hour notice"; and
- That there would no risk whatsoever on the money being lent as it would be fully secured and kept liquid.

16. These statements were made by Defendant in order to induce the Savittieris to lend Defendant money.

17. These statements were, in fact, relied upon and induced the Savitticris to lend approximately $300,000.00 to the Defendant.

18. Despite both written and oral representations regarding the money being lent and the money be collateralized and secured, said money has now been misappropriated and the monies have not been returned to the Savittieris.

19. As a result of the non-payment, Defendants have breached the loan agreement and damage the Plaintiff in the amount of $300,000.00, plus interest at 10% per annum starting from the day of the first breach until paid in full.

20. As a result of having to bring this suit to recover for the breach of contract and misrepresentations and fraudulent inducement into the contract, Plaintiffs are entitled to recover all of their reasonable attorneys' fees and costs pursuant to A.R.S. 12-341 *et seq*.

**(Breach of Contract and Forfeiture of Security)**

21.     The Plaintiffs incorporate each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this Count.

22.     On or about June, 1998 and thereafter, the Plaintiffs lent a total of $300,00000 to Defendants.

23.     On or about July 12, 2002, Plaintiffs memorialized their agreement in a Promissory Note. *See*, **Exhibit 1.**

24.     As of filing of this complaint, Defendants have breached said agreement and breached the Promissory Note.  According the parties' agreements, the total principal amount of $300,000.00 is due and owing, plus any interest that has accrued thereon.

25.     In addition, Defendant has failed to secure the loan with a deed of trust on certain real property more fully described in **Exhibit 1.**

26.     The above-described conduct constitutes breach of the parties' agreement as a result of said breach and Plaintiffs have been damaged in the approximate amount of $345,000.00, plus interest at 10% per annum starting from the date of the breach until paid in full.

27.     As this action arises from a contract, Plaintiff s are entitled to their reasonable attorneys' fees and costs for having to bring this suit, pursuant to both A.R.S. § 12-341 *et seq.*, the case law interpreting the same, and the parties' Promissory Note.

### COUNT TWO
**(Breach of Covenant of Good Faith and Fair Dealing)**

28.     The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

29.     The law of Arizona implies in each and every contract the covenant of good faith and fair dealing. Defendants have breached the covenant of good faith and fair dealing owed to Plaintiffs by misrepresenting the security for the loans at issue and failure to protect Plaintiffs' monies.

30.     Defendants' conduct directly contradicted the terms of the spirit and intent of the

parties' contract, above and beyond the express terms of the agreement.

31. Defendants wrongfully exercised their contractual power beyond the risks that the Savittieris agreed to when entering the Note, and Defendants could not have justifiably expected that their actions were within parties' contractual agreement.

32. As a result of the conduct of the Defendant, Plaintiffs have been damaged in an amounts not presently known, but which amounts are no less than $300,000.00, plus interest at the highest statutory rate prescribed by law from the date of the first breach until paid in full.

33. Plaintiffs are entitled to their attorneys' fees and costs for having to bring this suit pursuant to A.R.S. § 12-341 *et seq.*

### COUNT THREE
### (Negligent Misrepresentation)

34. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

35. At all times material to this complaint, Defendant was the President of Daytrade Technologies, Inc. and was an authorized agent and/or in charge of operations for Trading Capital, Inc., Gold Country Securities, Penson Financial Services, Inc., Terra Nova Trading, LC, Southwest Securities, Inc. and OPM Holdings.

36. On or about June, 1998, March 22, 1999 and other times, Defendants made the above-misrepresentations regarding the money being lent at issue, the security for said loan, and the purpose of said loan.

37. At the time the Defendants made the representations described herein, Defendants knew or should have known that they were false or made with a reckless disregard for truth or falsity.

38. Defendants made the representations described above with the intent and for the purpose of inducing the Savittieris into loaning him money.

39. The Savittieris, in reliance on the representations described herein and believing them

to be true, lent the Defendant $300,000.00. The Savittieris have only recently learned that their money was not in a secured account, nor was the appropriate Deed of Trust ever filed to secure their loan.

40. As a direct and proximate result of the conduct of the Defendants as described above, Plaintiffs have been damaged in the sum of at least $350,000.00, plus interest at 10% per annum, starting from the first day of the loan until paid in full.

**COUNT FOUR**
**(Common Law Fraud)**

41. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

42. Defendant Thoroughman conspired to develop and implement a common plan, scheme and course of conduct to fraudulently induce Plaintiffs to lend him money by means of misrepresentation of certain facts and concealing and omitting facts necessary to the loans at issue.

43. As more fully described above, the Defendant has made affirmative misrepresentations of facts, both orally and in writing, omitted certain material facts, and stated half-truths in connection with Plaintiffs' decision to loan the $300,000.00 at issue.

44. Defendants knew that the Plaintiffs did not know the representations made about the loan and the risks of same were false. The Defendant had a fiduciary responsibility to Plaintiffs and Plaintiffs had the right to rely and did rely on the misrepresentations described herein.

45. As a result of the Defendant's fraudulent conduct, Plaintiffs have been damaged in an amount presently unknown, but in no event less than approximately $350,000.00, plus interest at the highest statutory prescribed rate starting from the date of the first act of fraud until paid in full.

**COUNT FIVE**
**(Punitive Damage: Allegations related to damages for all**
**counts except Breach of Contract)**

46. The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

47.     As a result of the conduct described in all counts (except for the Breach of Contract count), Defendants' actions were aggravated and outrageous, and Defendants performed this conduct with such an evil mind that Plaintiffs are entitled to recover punitive damages.

## COUNT SIX
### (Accounting)

48.     The Plaintiffs incorporate by this reference each of the allegations set forth in the foregoing paragraphs as if fully set forth verbatim in this Count.

49.     Due to the fraudulent conduct described herein, the actual amounts due and owing to the Plaintiffs (and what has happened to the security for said loan) cannot be ascertained without an accounting.

50.     Consequently, Plaintiffs pray for an accounting of:

(1) the affairs of Daytrade Technologies, Inc. and Trading Capital, Inc. as it relates to the money lent by Plaintiffs to the Defendant;

(2) the financial affairs of David Thoroughman and the monies utilized to purchase certain real property more fully described in **Exhibit 1** hereto.

WHEREFORE, Plaintiffs pray for the Court to enter judgment against the Defendants, and each of them, as follows:

A.     For compensatory damages in an amount to be determined at trial, but in no event less than $350,000.00, plus interest thereon both pre and post-judgment interest at the highest prescribed rate of interest allowed by law until paid in full;

B.     For breach of contract damages in an amount to be determined at trial, but in no event less than $345,000.00, plus interest at 10% per annum starting from the date of the first breach until paid in full;

C.     For punitive damages in an amount to be determined at trial of this matter;

D.     For both pre and post-judgment interest on all sums awarded herein at the highest statutory rate prescribed by law until paid in full;

E.     That the Court award an accounting as requested herein;

F.     That the Court award Plaintiffs their costs and reasonable attorneys' fees pursuant to A.R.S. Section 12-341.01, together with interest at the highest rate allowed by law on all sums awarded hereunder or pursuant to the parties' Promissory Note;

G.     For a determination that the Defendant had unclean hands and is not entitled equitable relief of any nature in any dispute related to the matters set forth herein; and

H.     For such other and further relief as the Court deems just and proper.

DATED this 6th day of December, 2002.

RONAN & FIRESTONE, PLC

Merrick B. Firestone
Veronica L. Manolio
649 North Second Avenue
Phoenix, Arizona 85003
*Attorneys for Plaintiffs*

**ORIGINAL** of the foregoing was FILED
this 6th day of December, 2002 with:

Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona 85003

By: Ann Erickson

# VERIFICATION

State of Arizona )
) ss.
County of Maricopa )

I, Chris Savittieri, being duly sworn upon my oath, depose and say:

That I am one of the Plaintiffs in this matter and that I am authorized to make this

verification; that I have read the Complaint and know the contents thereof; that the matters

contained therein to which I have personal information are true; and that the other matters

contained therein are true to the best of my knowledge and belief.

_____
CHRIS SAVITTIERI

SUBSCRIBED AND SWORN to before me this 5th day of December, 2002, by Chris

Savittieri.



OFFICIAL SEAL
ANN ERICKSON
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires July 10, 2004

_____
Notary Public

My Commission Expires:

_____7 - 10 - 2004_____

# PROMISSORY NOTE

DATE: July 12, 2002

_____Maricopa_____, Arizona

FOR VALUE RECEIVED, the undersigned promise(s) to pay to _____Chris Savittieri,_____

_____And or his assignee's_____ at

12954 East Gold Dust Avenue, Scottsdale, AZ 85259, Arizona, the principal sum of ___THREE

HUNDRED THOUSAND + 00/XX_____ DOLLARS, ( $300,000.00 +

00/100_____), payable as follows:

**Interest only at 10% per annum paid on the 5th day of each month and all due and**

**payable upon completion and sale of residence located at 11545 East Paradise Lane,**

**Scottsdale, AZ 85259**

Principal and interest payable in lawful money of the United States of America.

This Note is secured by a Deed of Trust or Realty Mortgage on real property at:

**11545 East Paradise Lane, Scottsdale AZ 85259**

Should default be made in the payment of principal and interest thereon, as above provided, or other default occur in the performance of or compliance with any of the covenants or conditions of said Deed of Trust or Mortgage, then in any such event the holder may, in addition to such other remedies or combination of remedies holder may have under law and equity, declare the whole sum of principal and interest immediately due and payable.

Should this Note be signed by more than one person, all of the obligations herein contained shall be the joint and several obligations of each signer hereof.

This Note may not be changed orally, but only by an agreement in writing and signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

Should suit be brought to recover on this Note, I, we, or either of us, promise to pay a reasonable attorney's fee in addition to the amount found due on this Note.

The makers and endorsers hereof severally waive diligence, demand, presentment for payment and protest, and consent to the extension of time of payment of this Note, without notice.

TRUSTOR:

_____
David Thoroughman

**EXHIBIT 3**

LAW OFFICES
**RONAN & FIRESTONE, PLC**
649 NORTH SECOND AVENUE
PHOENIX, ARIZONA 85003
(602) 307-9100
Merrick B. Firestone, Bar # 012138
Yvonne E. Tagart, Bar # 022057
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHRIS and SUSAN SAVITTIERI, husband and wife, | Case No. CV 2002-023596 |
| Plaintiffs, | **DEFAULT JUDGMENT** |
| v. | **JUDGMENT** |
| DAVID THOROUGHMAN, a single man; JOHN DOES 1-10 and JANE DOES 1-10; ABC CORPORATIONS, PARTNERSHIPS, and LIMITED LIABILITY COMPANIES 1-10, | (Assigned to the Honorable Anna M. Baca) |
| Defendants | |

Having received and reviewed Plaintiff Chris and Susan Savittieri's Complaint alleging Breach of Contract and Forfeiture of Security, Breach of Covenant of Good Faith and Fair Dealing, Negligent Misrepresentation and Common Law Fraud and Plaintiff's Motion for Entry of Default Judgment, Defendant David Thoroughman having failed to appear, and GOOD C₂ APPEARING,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that Plaintiffs are awarded Judgment in the amount of $345,000.00, plus $2,875.00 interest accrued from date of fili Complaint plus interest of at 10% per annum on this amount from the date of this judgment until paid in full.

1     **IT IS FURTHER ORDERED** awarding Plaintiff reasonable attorneys' fees in the amount

2 of $2300.00 and taxable costs in the amount of $281.00, plus interest at 10% annum on this amount

3 from the date of this judgment until paid in full.

4     **DONE IN OPEN COURT** this _14_ day of _March_, 2003.

5

6

7         The Honorable Anna M. Baca

8         H.M. BOHLMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

BANKRUPTCY COURT _____ District of _ARIZONA_____

IN RE DAVID THOROUGHMAN, DEBTOR,

CHRIS AND SUSAN SAVITTIERI, HUSBAND AND WIFE    **SUMMONS IN A CIVIL CASE**

V.

DAVID THOROUGHMAN

CASE

TO: (Name and address of Defendant)    DAVID THOROUGHMAN

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

RONAN & FIRESTONE
649 NORTH SECOND AVENUE
PHOENIX, ARIZONA 85003

an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK    DATE

_____
(By) DEPUTY CLERK